Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022



troutman.com

---

**Stephen J. Steinlight**
212.704.6008
stephen.steinlight@troutman.com

May 13, 2021

Hon. Brian M. Cogan, U.S.D.C.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Michelle Henry v. Capital One, N.A.*, **Case No. 1:21cv02281**

Your Honor:

      In accordance with Rule III(A) of Your Honor's Individual Practices and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Capital One, N.A. ("Capital One") respectfully submits this request for a pre-motion conference and/or for the Court to establish a briefing schedule thereby permitting Capital One to file a motion to dismiss the Complaint of Plaintiff Michelle Henry ("Plaintiff" or "Henry").  The basis for the anticipated motion to dismiss is summarized herein.[1]

      Plaintiff's assertions in the Complaint arise out of Capital One's allegedly improper drilling of Plaintiff's safe deposit box (the "SDB") at a Capital One branch location which resulted in the reported disappearance of "at least" $85,000.00 in cash that Plaintiff stored inside the SDB.  *See* Compl. ¶ 1.  Specifically, Plaintiff asserts that on December 2, 2015, she entered into a lease agreement with Capital One for the rental of the SDB (the "SDB Lease Agreement").  *Id*. at ¶¶ 12-13.  As further alleged in the Complaint, the  SDB Lease Agreement "govern[s] the terms and conditions of [Plaintiff's] rental" of the SDB.[2]  *Id*. at ¶ 13.

      The SDB Lease Agreement prohibits the SDB's use for the storage of cash and provides, among other pertinent terms and conditions, that: (1) with respect to the SDB, the relationship between Plaintiff and Capital One is that of a landlord-tenant relationship; (2) the contents of the SDB are not protected against loss by Capital One's insurance; (3) the contents of the SDB are not insured by the Federal Deposit Insurance Corporation ("FDIC"); (4) Plaintiff should secure her own insurance for the contents of the SDB; (5) Plaintiff should maintain proof of the contents of

---

[1] In order to comply with the page length requirement as set forth in Rule III(A), this pre-motion submission does not include the entirety and full depth of arguments that which Capital One anticipates asserting in its motion briefing.

[2] A signed copy of the SDB Lease Agreement, as referenced in the Complaint, is attached hereto as Exhibit A.



the SDB in the event of loss or damage; (6) Capital One "shall not be liable for the loss of money" stored in the SDB; (7) Capital One "will in no event be liable for alleged loss or destruction of any cash claimed to have been placed in the" SDB; and (8) Capital One's total liability for any loss suffered by Plaintiff cannot exceed five hundred times the annual Safe Deposit Box rental, which was at all times $40.00 per year, resulting in a $20,000.00 cap on liability.[3]

Notwithstanding the foregoing terms in the SDB Lease Agreement, all of which Plaintiff accepted, Plaintiff alleges she still placed $85,000.00 in cash into the SDB. *See* Compl. ¶¶ 1, 14, 22. The Complaint does not explain why Plaintiff did not simply deposit the money into her available Capital One deposit accounts. *See* Compl., *generally*. Nevertheless, the Complaint alleges that on March 20, 2020, Plaintiff learned that the SDB was drilled into by Capital One and that the cash contents were missing and could not be located by Capital One. *Id*. at ¶¶ 16, 20-21.

Prior to commencing this action, between May 18, 2020 and December 22, 2020, three different law firms representing Plaintiff made pre-suit demands on Capital One for $85,000.00 in compensation for Plaintiff's alleged losses. In each instance, Capital One explained to Plaintiff and to her rotation of lawyers that Plaintiff's storage of cash in the SDB was improper and that Capital One could not be held liable for any of the losses pursuant to the express terms of the SDB Lease Agreement. Capital One also requested evidence from Plaintiff that Plaintiff stored $85,000.00 in cash in the SDB, but Plaintiff failed to produce anything.

Ultimately, Plaintiff retained her fourth legal counsel and filed this action asserting causes of action premised in tort for negligence ("First Cause of Action") and gross negligence ("Second Cause of Action"), as well as claims for breach of contract ("Third Cause of Action"), and violation of New York General Business Law (NYGBL) § 349 ("Fourth Cause of Action"). *See* Compl., *generally*.

As the Court is aware, the purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law. *See Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) (Seybert, U.S.D.C.J.). Here, under Rule 12(b)(6) scrutiny, none of Plaintiff's allegations, even if accepted as factually true, could state a plausible legal claim and evade dismissal at the pleadings stage.

As to the First and Second Causes of Action for negligence and gross negligence, both claims are ripe for dismissal because under New York's longstanding Economic Loss Doctrine, a plaintiff is precluded from maintaining an action in negligence or gross negligence against a bank based solely on the alleged breach of an underlying contractual duty. *See e.g., Armstrong v. Eisenberg*, No. 19-CV-11676 (CM), 2020 WL 526866, at *3 (S.D.N.Y. Feb. 3, 2020) (quoting *Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.*, 620 N.Y.S.2d 196, 198–99 (1994)) (the

---

[3] Consistent with the SDB Lease Agreement, the FDIC advises retail banking consumers not to store cash within the safe deposit boxes of their respective banking institutions. *See, e.g.*, https://www.fdic.gov/consumers/consumer/news/cnwin18/fivethings.html#:~:text=A%20safe%20deposit%20box%20is,contents%20of%20safe%20deposit%20boxes.

May 13, 2021
Page 3



"economic loss rule reflects the principle that damages arising from the failure of the bargained-for consideration to meet the expectations of the parties are recoverable in contract, not tort.") Here, the SDB Lease Agreement governs the entirety of the Parties' relationship with respect to the SDB.  *See* Compl. ¶ 13.  As such, Plaintiff's remedies, *if any*, may only be pursued under a contract theory of recovery.  Accordingly, the First and Second Causes of Action are subject to dismissal.

With respect to the Fourth Cause of Action for an alleged violation of NYGBL § 349, on the face of the pleading, Plaintiff does not and cannot state a claim because the alleged deceptive acts by Capital One, even if true, do not have and could not have a broad impact on consumers and the public at large, which is a necessary element to plead a cognizable cause of action under the statute.  *See Rivera v Fin. Asset Mgt. Sys., Inc.*, No. 17-CV-1295 (WFK), 2020 WL 5791175, at *5 (E.D.N.Y. Sept. 25, 2020).  Based on Plaintiff's own allegations of a uniquely private contract transaction between her and Capital One for the lease of the SDB, the NYGBL § 349 claim is subject to dismissal.

Finally, as to Third Cause of Action for breach of contract, to "state a claim for breach of contract under New York law, 'the complaint must allege: (1) the formation of a contract between the parties; (2) performance by the plaintiff; (3) failure of [the] defendant to perform; and (4) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (quoting *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142 (2d Cir. 2011)).  Here, Plaintiff's breach of contract claim fails for three reasons.  First,  Capital One has no express nor implied contractual duty in the SDB Lease Agreement to safeguard the storage of cash in the SDB.  Thus, there was no contractual breach. Second, Plaintiff's only alleged loss from the SDB is cash and the SDB Lease Agreement expressly disclaims liability for the loss of any cash.  Thus, Plaintiff does not allege damages.  Finally, Plaintiff cannot satisfy the cause of action's second element of performance.  Plaintiff's storage of cash within the SDB, despite the SDB Lease Agreement's warnings against doing so, is not a proper use of the product.  Accordingly, the breach of contract claim is not viable as a matter of law.

For these foregoing reasons, Capital One respectfully requests a pre-motion conference and/or briefing schedule in connection with its anticipated motion to dismiss filed pursuant to Rule 12(b)(6).  We thank Your Honor for your consideration of this matter.

                        Respectfully,

                        /s/ Stephen J. Steinlight
                        Stephen J. Steinlight

cc:    John Luke, Esq., counsel for Plaintiff (by ECF)

115600852