

May 27, 2021

**VIA ECF**
The Honorable Brian M. Cogan
United States District Judge
United States District Court, Courtroom 704S
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    **Henry v. Capital One, N.A.**
               **Ind. No.: 21-cv-02281-BMC**

Dear Judge Cogan:

We write in response to Defendant's letter dated May 13, 2021 requesting to file a motion to dismiss Plaintiff's Complaint. For the reasons below, Plaintiff's complaint should not be dismissed, and Defendant's request should be denied.

Defendant's primary argument for dismissing the complaint is that the safe deposit box ("SDB") Lease Agreement prohibits the use for the storage of cash. See Defendant's Letter Dated May 13, 2021, ¶¶ 3, 5, 10. Banks have only been successful when the lease explicitly prohibits a lessee from storing cash in the SDB. See Helfer v. JP Morgan Chase Bank, N.A., 2020 U.S. Dist. LEXIS 218086 at *15 (S.D.N.Y. Nov. 20, 2020); See also Uribe v. Merchants Bank, 91 N.Y.2d 336 (1998); Levina v. Citibank, N.A., 16 A.D.3d 160 (N.Y. App. Div. 2005); Martin v. Citibank, N.A., 2008 N.Y. Misc. LEXIS 9631 (N.Y. Sup. Ct. Dec. 15, 2008); Rodriguez v Banco Popular N. Am., 2014 N.Y. Misc. LEXIS 3417 (N.Y. Sup. Ct. June 10, 2014). The Lease Agreement here, however, does not explicitly state that a Lessee is prohibited from storing cash in the SDB. Nor does the Defendant cite such a clause in the Agreement. Absent such a clause, Plaintiff's Complaint should not be dismissed.

First, Plaintiff brings a valid breach of contract claim. The complaint alleges all four factors needed to state a claim for breach of contract. The complaint alleges a formation of a contract between the parties (See Compl. ¶ 13), performance by the plaintiff (Id. at ¶ 15), failure of the defendant to perform (Id. ¶¶ 16-19), and damages (Id. ¶¶ 20, 22-23). As such, there was a valid contract between the parties and Defendant breached multiple express contractual duties by drilling into Plaintiff's SDB. First, under the 'Access' and 'Business Entity/Fiduciary/Association' provisions, Defendant agreed that only persons authorized in writing on the Lease can enter the SDB. More critically, under the 'Opening of Safe Deposit Box By Bank' provision, Defendant agreed that it could only open Plaintiff's SDB in limited, expressly identified circumstances. None of those circumstances applied when Defendant drilled open Plaintiff's SDB. Lastly, under the 'Liability of the Bank' provision, Defendant agreed that it would surrender the SDB only to

MANHATTAN    LONG ISLAND    PENNSYLVANIA    NEW JERSEY

445 Broad Hollow Road, Suite 419, Melville, NY 11747 | 631.420.9300



persons entitled to access the box. Defendant breached all these express provisions when it drilled open Plaintiff's SDB. Finally, Plaintiff's storage of cash in the SDB was not explicitly prohibited by the terms of the Agreement and therefore, was not an improper use of the SDB. Accordingly, the breach of contract claim is viable as a matter of law.

Next, Plaintiff brings a valid claim for negligence. In order to recover in a negligence cause of action, a plaintiff must establish the existence of a duty owed by the defendant towards the plaintiff, a breach of the duty and injury to the plaintiff as a result thereof. Patel v. Maspeth Fed. Sav. & Loan Assoc., 2020 N.Y. Misc. LEXIS 5092 at *6 (Sup. Ct. Queens County, July 20, 2020). New York Courts have held that there is a valid cause of action for negligence when a bank fails to safeguard the contents of a SDB and is unable to return the contents of the SDB. Id. Here, the complaint alleges that Defendant failed to exercise reasonable care in safeguarding the contents of the SDB and is unable to return those contents. See Compl., *generally*. Accordingly, the First Cause of Action is not subject to dismissal.

Plaintiff also brings a valid claim for gross negligence. It is universally understood and accepted that a bank is authorized to rent safe deposit boxes "upon such terms and conditions as may be prescribed." Uribe v. Merchants Banks of NY., 91 NY2d 336, 341 (1998), quoting Banking Law §96[3][b]. An exculpatory provision will ordinarily be enforced when the intention of the parties is expressed in unequivocal terms. Id. Public policy, however, prevents a party from exculpating itself for its own grossly negligent conduct. Glassman v. Wachovia Bank, N.A., 847 N.Y.S.2d 90 (Sup. Ct. NY County 2007). More specifically, New York courts have held that there is a triable issue of fact as to whether a bank is grossly negligent for drilling into the wrong SDB. Id. Here, Defendant cannot exculpate itself for its own grossly negligent conduct for mistakenly drilling into Plaintiff's SDB. Accordingly, the Second Cause of Action is not subject to dismissal.

Finally, New York courts have held that there is a valid claim for deceptive business practices when a bank makes false representations to its customers regarding the SDB. Patel v. Maspeth Fed. Sav. & Loan Assoc., 2020 N.Y. Misc. LEXIS 5092 at *6 (Sup. Ct. Queens County, July 20, 2020). Here, Defendant explicitly agreed that it would only open Plaintiff's SDB in limited, expressly identified circumstances. Defendant falsely made this representation to Plaintiff, and its customers, when it drilled opened Plaintiff's SDB outside the expressly identified circumstances. Accordingly, the deceptive business practices claim is viable as a matter of law.



We thank Your Honor for your consideration in this matter.

Respectfully submitted,

SLATER SLATER SCHULMAN LLP

*John C. Luke, Jr.*
John C. Luke, Jr., Esq.

cc:  All Counsel (VIA ECF)