Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



---

**Stephen J. Steinlight**
212.704.6008
stephen.steinlight@troutman.com

June 3, 2021

<u>*Via ECF*</u>

Hon. Brian M. Cogan, U.S.D.C.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Michelle Henry v. Capital One, N.A.*, Case No. 1:21-cv-02281</u>

Your Honor:

      We represent Capital One, N.A. ("Capital One") in the above-referenced matter.  In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, Local Rule 6.1, and Your Honor's Individual Practices, Capital One, N.A., respectfully submits this Reply in further support of Capital One's motion to dismiss (the "Motion to Dismiss") which seeks the dismissal of the Complaint (the "Complaint") of Plaintiff Michelle Henry ("Plaintiff" or "Henry").[1]  For the reasons set forth in Capital One's Motion to Dismiss, and those further set forth herein, the Court should dismiss the Complaint in its entirety and with prejudice.

**Plaintiff's Opposition Fails to Address Plaintiff's Lack of Damages With Respect to Each of the Complaint's Causes of Action**

      Plaintiff's Opposition to the Motion to Dismiss fails to address the most critical issue before the Court — *Plaintiff's lack of damages* — which ultimately eviscerates the Complaint's ability to state any cause of action.  As set forth in the Motion to Dismiss, the SDB Lease Agreement, which Plaintiff seeks to enforce in this action as the governing agreement between the Parties, disclaims Capital One's liability for losses related to the storage of cash in the SDB.  *See* Compl. ¶¶ 12–13 (alleging that the SDB Lease Agreement "govern[s] the terms and conditions of [Plaintiff's] rental" of the SDB); [*see also* Doc. 7-1].  Specifically, the SDB Lease Agreement unambiguously provides that Capital One "shall not be liable for the loss of money" stored in the SDB and that Capital One "will in no event be liable for alleged loss or destruction of any cash claimed to have been placed in the" SDB.  [Doc 7-1]. Moreover, such an exculpatory provision is

---

[1] On May 13, 2021, in accordance with Rule III(A) of Your Honor's Individual Practices, Capital One filed a request for a pre-motion conference.  [Doc. 6].  However, on that same date, the Court *sua sponte* ruled that Capital One's pre-motion conference request was "deemed to constitute" Capital One's Motion to Dismiss pursuant to Rule 12(b)(6).  Thereafter, on May 27, 2021, Plaintiff filed an opposition (the "Opposition") to the Motion to Dismiss.  [Doc. 8].



enforceable under New York law. *See Uribe v. Merchants Bank of New York*, 91 N.Y.2d 336, 341, 693 N.E.2d 740, 743 (1998) (Court of Appeals of New York holding that "an exculpatory provision ordinarily will be enforced when its language expresses in unequivocal terms the intention of the parties to relieve a defendant of liability.") Accordingly, because Plaintiff's only alleged damage is the missing cash from Plaintiff's SDB and damages are a necessary and required element of each of Plaintiff's causes of action, the Complaint cannot survive dismissal under Rule 12(b)(6). *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (damages is an element for a claim of breach of contract); *Patel v. Maspeth Fed. Sav. & Loan Assoc.*, 2020 N.Y. Misc. LEXIS 5092, at **3 (Sup. Ct. Queens County, July 20, 2020) (damages is an element of a claim for negligence); *id.* at **4 (damages is an element of NYGBL § 349 claim). In light of the SDB Lease Agreement's terms, Plaintiff cannot plead the necessary element of damages for any her causes of action.[2]

**Plaintiff's Opposition Fails to Address the Economic Loss Doctrine as Barring the Negligence and Gross Negligence Causes of Action**

As set forth in the Motion to Dismiss, the Economic Loss Doctrine bars a plaintiff seeking recovery in tort for purely economic damages arising out of a contractual relationship and alleged nonperformance. None of the cases cited by Plaintiff in support of her negligence claims address the Economic Loss Doctrine, despite the fact that the rule is widely applied in New York courts in the context of bank-customer contractual relationships. *See EED Holdings v. Palmer Johnson Acquisition Corp.*, 387 F. Supp. 2d 265, 277 (S.D.N.Y. 2004) (quoting *Carmania Corp., N.V. v. Hambrecht Terrell Int'l*, 705 F. Supp. 936, 938 (S.D.N.Y.1989)) ("New York's economic loss rule restricts 'plaintiffs who have suffered 'economic loss,' but not personal or property injury, to an action for the benefits of their bargain. If the damages suffered are of the type remediable in contract, a plaintiff may not recover in tort'")*; see also Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) ("a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated. ... If ... the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative"); *Mraz v. JPMorgan Chase Bank, N.A.*, No. 17-CV-6380, 2018 WL 2075427, at *5 (E.D.N.Y. May 3, 2018) (quoting *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 390 (1987)) ("[m]erely charging a breach of a 'duty of care,' employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" against a bank); *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 472 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019) ("[p]laintiffs' negligence claims are foreclosed under the [E]conomic [L]oss [D]octrine, which precludes parties from improperly attempting to convert contract claims to tort

---

[2] Plaintiff's reliance in the Opposition on *Glassman v. Wachovia Bank, N.A.* is misplaced. In particular, Plaintiff appears to cite *Glassman* for the proposition that a party cannot as a matter of New York public policy exculpate itself from its own grossly negligent conduct. 847 N.Y.S.2d 901, 2007 WL 2582364, at *4 (Sup. Ct. NY County Sept. 7, 2007). However, here, the SDB does not exculpate Capital One for acts of gross negligence, but rather only for alleged losses related to the specific usage of the SDB for the storage of cash. Accordingly, *Glassman* is inapplicable, especially considering the fact that the New York Court of Appeals has upheld exculpatory clauses related to the storage of cash in SDBs. *See Uribe*, 91 N.Y.2d at 341.



claims"); *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 178 (S.D.N.Y. 2012), *aff'd and remanded*, 742 F.3d 520 (2d Cir. 2013) ("New York applies the [E]conomic [L]oss [D]octrine to negligence claims"); *BNP Paribas Mortg. Corp. v. Bank of America, N.A.*, 949 F. Supp. 2d 486, 505 (S.D.N.Y. 2013) (dismissing a negligence claim against a bank and holding that the plaintiff attempted to "improperly convert contract claims into tort claims"); *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009) (dismissing customer's negligent misrepresentation claim against bank pursuant to the Economic Loss Doctrine); *Bakal v. U.S. Bank Nat'l Ass'n*, 2018 WL 1726053, at *11, *aff'd*, 747 F. App'x 32 (2d Cir. 2019) (dismissing duty of trust tort claim against bank pursuant to the Economic Loss Doctrine).

Here, Plaintiff's negligence and gross negligence claims seek solely economic damages based on Capital One's alleged unreasonable failure to safeguard the contents of Plaintiff's SDB. The tort claims are duplicative of the breach of contract claim. Accordingly, the Economic Loss Doctrine bars these tort claims as a matter of law and the claims for negligence and gross negligence should be dismissed.

**Plaintiff's Opposition Fails to Properly Address the Pleading Deficiency of the NYGBL § 349 Claim**

To assert a claim under NYGBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015) (quoting *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 941 (2012)). Critical here, a plaintiff must allege under the first prong "that the acts or practices have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). Thus, "[p]rivate contract disputes, unique to the parties, ... would not fall within the ambit of the statute." *Id.*; *see also*, *Silverman v. Household Fin. Realty Corp. of New York*, 979 F. Supp. 2d 313, 318 (E.D.N.Y. 2013) (dismissing a NYGBL § 349 claim because "Plaintiffs' allegations are specific to them and their individual real estate transaction" and thus did not qualify as widespread "consumer-oriented" conduct) (collecting cases); *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 CIV. 7500, 2015 WL 585589, at *8 (S.D.N.Y. Feb. 11, 2015) ("Where a plaintiff makes only conclusory allegations of impact on consumers at large, a GBL § 349 claim must be dismissed."); *Of A Feather, LLC v. Allegro Credit Services, LLC*, No. 19-CV-9351(DLC), 2020 WL 3972752, at *4 (S.D.N.Y. July 14, 2020) (granting Rule 12(b)(6) dismissal of NYGBL § 349 claim for failure to plead facts as to how the alleged deceptive act impacted consumers at-large); *Fischer v. Forrest*, No. 14 CIV. 1304, 2015 WL 195822, at *13 (S.D.N.Y. Jan. 13, 2015) (holding that the alleged act "must have a broader impact on consumers at large" and must "threaten the public interest, such as potential danger to public health or safety") (internal quotation marks and citations omitted); *Bell v. Deutsche Bank*, No. 18CV01593, 2019 WL 4917901, at *7 (E.D.N.Y. Sept. 30, 2019) (ruling complaint "must allege facts demonstrating that 'the disputed conduct had a broad impact on consumers at large and not just on the plaintiff'") (internal quotation marks and citation omitted).



Plaintiff's citation to *Patel* in the Opposition to the Dismiss only supports Capital One's position and undermines Plaintiff's attempt to save her NYGBL § 349 claim. *See Patel*, 2020 N.Y. Misc. LEXIS 5092. In *Patel*, burglars stole contents from numerous safety deposit boxes of bank customers and the plaintiff brought suit alleging that that the banks security procedures were insufficient. *Id.* at **1–2. The court concluded that the bank's alleged conduct was "consumer orientated" because it led to a wide-spread theft, impacting many of the bank's safety deposit box account holders. *Id.* at **4. Here, by contrast, Plaintiff only alleges a single and discrete injury to her with no impact on any other consumer. Accordingly, Plaintiff does not and cannot state a claim for violation of NYGBL §349 and the cause of action should be dismissed.

**Plaintiff's Opposition Fails to Identify the Contractual Term of the SDB Which Capital One Purportedly Breached**

As to Plaintiff's cause of action for breach of contract, the required elements are: (1) the formation of a contract between the parties; (2) performance by the plaintiff; (3) failure of defendant to perform; and (4) damages. *See Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015). However, both in the Complaint, and even in the Opposition to the Motion Dismiss, Plaintiff fails to identify a single contractual provision in the SDB Lease Agreement that Capital One breached with respect to a duty of Capital One to secure and safeguard the storage of loose cash in the SDB. In fact, as set forth above, to the contrary, Capital One had absolutely no contractual duty whatsoever to secure the SDB for the protection of cash. Plaintiff also fails to allege how she fully performed under the SDB Lease Agreement by storing cash in it when the SDB's intended purpose, as implied within the SDB Lease Agreement's terms, was not meant as for such use. Accordingly, in addition to a lack of available damages, Plaintiff cannot plead performance by Plaintiff or a contractual breach by Capital One, and therefore, as a matter of law, the claim should be dismissed.

## Conclusion

For the foregoing reasons, Capital One respectfully requests that the Court dismiss the Complaint in its entirety and with prejudice.

Respectfully submitted,

*/s/ Stephen J. Steinlight*
Stephen J. Steinlight

cc: John Luke, Esq., counsel for Plaintiff (by ECF)

116507346