**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE HENRY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br><br>CAPITAL ONE, N.A.,<br><br>　　　　　　　Defendant. | Case No. 1:21-cv-02281 |
| CAPITAL ONE, N.A.,<br><br>　　　　Third-Party Plaintiff,<br><br>v.<br><br><br>ANTHONY J. PERRONE,<br><br>　　　Third-Party Defendant. | |

## DEFENDANT/THIRD-PARTY PLAINTIFF CAPITAL ONE, N.A.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff Capital One, N.A. ("Capital One"), by and through its counsel, Troutman Pepper Hamilton Sanders LLP, hereby submits the following as its Amended Answer, Affirmative Defenses, and Third-Party Complaint (the "Amended Answer") to the above-captioned complaint ("Complaint") filed by Plaintiff Michelle Henry ("Plaintiff"), and further submits the following Third-Party Complaint ("Third-Party Complaint") against Anthony J. Perrone ("Third-Party Defendant" or "Mr. Perrone").

Capital One denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Capital One further states that its investigation of the present matter is ongoing.  Accordingly, Capital One reserves the right to amend this Answer. Capital One denies any and all allegations contained in the headings in the Complaint.  In response to the separately numbered paragraphs in the Complaint, Capital One states as follows.

## NATURE OF THE CASE

1.      Plaintiff purports to bring causes of action for negligence (First Cause of Action), gross negligence (Second Cause of Action), breach of contract (Third Cause of Action), and deceptive business practices (Fourth Cause of Action); however, the United States District Court for the Eastern District of New York dismissed Plaintiff's causes of action for negligence, gross negligence, and deceptive business practices with prejudice and the District Court's order was subsequently affirmed by the U.S. Court of Appeals for the Second Circuit.  [see ECF Nos. 11, 15].  Capital One denies the remaining allegations in Paragraph 1 of the Complaint and specifically denies it breached any contract with Plaintiff.  Capital One further denies that Plaintiff is entitled to any of the requested relief and/or judgments identified in Paragraph 1 of the Complaint.

## THE PARTIES

2.      Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same.

3.      The allegations in Paragraph 3 of the Complaint contain statements and conclusions of law, to which no response is required. In the event a response is deemed to be required, the allegations in Paragraph 3 of the Complaint are denied.

4.      Capital One admits the allegations set forth in Paragraph 4 of the Complaint.

5.      Capital One admits the allegation set forth in Paragraph 5 of the Complaint that Capital One provides certain banking services.  The remaining allegations in Paragraph 5 of the Complaint are denied.

6.      In response to the allegations set forth in Paragraph 6 of the Complaint, Capital One admits only that it maintains offices at 1680 Capital One Drive, McLean, Virginia 22102.  The remaining allegations in Paragraph 6 of the Complaint are denied.

## FACTS

7.      Capital One denies the allegations set forth in Paragraph 7 of the Complaint except to admit that it maintained a branch location at 61-24 188th Street, Fresh Meadows, New York 11365.

8.      Capital One denies the allegations set forth in Paragraph 8 of the Complaint except to admit that Capital One leased to Plaintiff a safe deposit box at its branch location at 61-24 188th Street, Fresh Meadows, New York 11365.

9.      Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 12 of the Complaint, and therefore denies the same.

13.     The allegations in Paragraph 13 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 13 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

14.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 14 of the Complaint, and therefore denies the same.

15.     Capital One denies the allegations set forth in Paragraph 15.

16.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies the same.

17.     The allegations in Paragraph 17 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 17 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

18.     The allegations in Paragraph 18 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 18 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

19.     The allegations in Paragraph 19 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 19 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

20.     Capital One denies the allegations set forth in Paragraph 20 except to admit that Capital One did not observe any items inside the safe deposit box and informed Plaintiff of same.

21.     Capital One denies the allegations set forth in Paragraph 21 except to admit that Capital One opened the safe deposit box, did not observe any items inside the safe deposit box, never located any items which were previously stored in the safe deposit box, and informed Plaintiff of same.

22.     Capital One denies the allegations set forth in Paragraph 22 except to admit that Capital One opened the safe deposit box, did not observe any items inside the safe deposit box, and never located any items which were previously stored in the safe deposit box.

23.     Capital One is without knowledge or information sufficient to form a belief about the truth and falsity of the allegations set forth in Paragraph 23 of the Complaint, and therefore denies the same.

24.     The allegations in Paragraph 24 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 24 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

25.     The allegations in Paragraph 25 of the Complaint state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 25 of the Complaint are denied to the extent they are contrary to law.

26.     The allegations in Paragraph 26 of the Complaint state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 26 of the Complaint are denied to the extent they are contrary to law.

27.     Capital One denies the allegations set forth in Paragraph 27.

28.     Capital One denies the allegations set forth in Paragraph 28.

## AS FOR THE FIRST CAUSE OF ACTION
## NEGLIGENCE

29.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

30.     The Court dismissed the First Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 30.  In the event a response is deemed to be required, the allegations are denied.

31.     The Court dismissed the First Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 31.  In the event a response is deemed to be required, the allegations are denied.

32.     The Court dismissed the First Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 32.  In the event a response is deemed to be required, the allegations are denied.

## AS FOR THE SECOND CAUSE OF ACTION
## GROSS NEGLIGENCE

33.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

34.     The Court dismissed the Second Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 34.  In the event a response is deemed to be required, the allegations are denied.

35.     The Court dismissed the Second Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 35.  In the event a response is deemed to be required, the allegations are denied.

**AS FOR THE THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT**

36.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

37.     The allegations in Paragraph 37 of the Complaint refer to a document that speaks for itself or state conclusions of law to which no response is required.  In the event a response is deemed to be required, the allegations in Paragraph 37 of the Complaint are denied to the extent they are contrary to law or mischaracterize the document.

38.     Capital One denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Capital One denies the allegations set forth in Paragraph 39 of the Complaint.

**AS FOR THE FOURTH CAUSE OF ACTION**
**DECEPTIVE BUSINESS PRACTICES**

40.     Capital One incorporates its answers to all previous paragraphs as though repeated herein.

41.     The Court dismissed the Fourth Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 41.  In the event a response is deemed to be required, the allegations are denied.

42.     The Court dismissed the Fourth Cause of Action with prejudice [see ECF Nos. 11, 15] accordingly no response is required to Paragraph 42.  In the event a response is deemed to be required, the allegations are denied.

## JURY DEMAND

Capital One admits that Plaintiff demands a jury trial.  Capital One denies that Plaintiff is entitled to a jury.

Capital One denies the allegations contained in the Complaint's "WHEREFORE" Paragraph, including, but not limited to denying Plaintiff is entitled to any damages, interest, punitive damages, attorneys' fees, costs, and disbursement of action.  Capital One further denies that Plaintiff is entitled to any of the requested relief and/or judgments from Capital One.

## AFFIRMATIVE DEFENSES

Capital One sets forth the following affirmative defenses and other defenses to the Complaint:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred by a contractual exculpatory clause.

3.     Plaintiff's claims fail as a matter of law because Plaintiff has no damages.

4.     Plaintiff's claims fail because she did not perform her contractual obligations.

5.     Plaintiff's claims fail because Plaintiff was in breach of contract.

6.     Plaintiff's claims fail because Capital One did not breach any contractual duty to safeguard cash stored in a safe deposit box and Capital One performed its contractual obligations.

7.     Plaintiff's claims fail to the extent that, at all times with respect to Plaintiff, Capital One acted in good faith and complied fully with all applicable laws including but not limited to Federal and State Law.

8.      Plaintiff's claims fail to the extent that Plaintiff's purported damages were the result of acts or omissions of third parties over whom Capital One had neither control nor responsibility.

9.      Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

10.     To the extent that Plaintiff is injured, Plaintiff's claims are barred or reduced by her failure to mitigate damages.

11.     Plaintiff's claims are barred by virtue of the doctrine of unclean hands.

12.     Plaintiff's claims are barred by virtue of the doctrine of estoppel.

13.     Plaintiff's claims are barred by virtue of waiver.

14.     Plaintiff's claims are barred by virtue of the doctrine of laches.

15.     Plaintiff's claims are barred because granting the relief sought in The Complaint would unjustly enrich Plaintiff.

16.     Plaintiff's claims are barred in whole or in part by the doctrines of set-off and recoupment.

17.     If and to the extent Plaintiff has suffered the damages alleged in The Complaint, Plaintiff's own negligence and/or willful misconduct directly and proximately caused or contributed to the claimed damages.

18.     Capital One reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**WHEREFORE** Defendant Capital One, N.A. respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice, that judgment be granted in favor of Capital One, that the relief requested by Plaintiff be denied, that all costs be taxed against Plaintiff, and for such other and further relief as the Court deems just and proper.

### THIRD-PARTY COMPLAINT AGAINST ANTHONY J. PERRONE

Third-Party Plaintiff, Capital One, by and through its counsel, Troutman Pepper Hamilton Sanders LLP, complaining of the defendants, respectfully allege as follows:

### THE PARTIES

1.      Third-Party Plaintiff Capital One is a national association headquartered at 1680 Capital One Drive, McClean, Virginia 22102.

2.      Upon information and belief, Third-Party Defendant Anthony J. Perrone is an individual residing in the State of New York.

### JURISDICTION AND VENUE

3.      Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

4.      Venue is proper in this district pursuant to 28 U.S.C.$ 1391(b)(1) and (2).

### FACTS

5.      On information and belief, on or about September 13, 1980, Carmelo Perrone ("Carmelo Perrone") leased safe deposit box number 197 ("Perrone's SDB") with Jamaica Savings Bank ("JSB") at JSB's Fresh Meadows, New York branch location (the "Fresh Meadows Branch"), the terms of which lease were memorialized in a safe deposit box lease agreement (the "Safe Deposit Box Lease Agreement").

6.      On information and belief, amongst the terms of the Safe Deposit Box Lease Agreement, Carmelo Perrone was charged a yearly rent of $10.00 by JSB for use of Perrone's SDB.

7.     Pursuant to the Safe Deposit Box Lease Agreement, Carmelo Perrone agreed to be bound by all rules and regulations of JSB then in effect as well as any future amendments thereof.

8.     On information and belief, JSB was subsequently acquired by North Fork Bank ("North Fork") in or around 1999 and the Safe Deposit Box Lease Agreement was assigned to North Fork.

9.     On information and belief, North Fork was subsequently acquired by Capital One in or around 2008 and the Safe Deposit Box Lease Agreement was assigned to Capital One.

10.     On information and belief, the Safe Deposit Box Lease Agreement subsequently was amended by Capital One to conform with Capital One's Safe Deposit Box Lease Agreement, revised 7/15, and the annexed Safe Deposit Box Disclosure Statement and Agreement (collectively the "Capital One Safe Deposit Box Lease Agreement").

11.     On information and belief, Carmelo Perrone regularly accessed and opened Perrone's SDB between 2011 through 2015 at the Fresh Meadows Branch.

12.     On January 29, 2018, Third-Party Defendant appeared before a notary public and executed a Capital One form entitled,  "Affidavit As to Power-Of-Attorney" (the "Power of Attorney Affidavit") wherein Third-Party Defendant represented to Capital One, among other statements, that Third-Party Defendant was the attorney-in-fact named in an annexed power of attorney, dated June 8, 2016, signed by Third-Party Defendant and Carmelo Perrone, and that Third-Party Defendant was authorized by Carmelo Perrone to conduct all banking transactions, whatever they may be, with respect to Carmelo Perrone's accounts at Capital One.

13.     Third-Party Defendant further represented in the Power of Attorney Affidavit that it was executed to induce Capital One to pay all or part of Carmelo Perrone's accounts to Third-

Party Defendant as the attorney-in-fact and to allow Third-Party Defendant to conduct any and all banking transactions with respect to the accounts.

14.     Third-Party Defendant further agreed in the Power of Attorney Affidavit that in consideration of the foregoing, Third-Party Defendant both individually and as attorney-in-fact for Carmelo Perrone agreed to release, acquit, discharge, indemnify and hold Capital One harmless from and against any and all actions, causes of action, suits, claims, losses, damages, payments, liabilities, damages, costs, and expenses (including attorney's fees) arising out of or in connection with Capital One's reliance and effecting transactions upon instructions of Third-Party Defendant as attorney-in-fact.

15.     On November 24, 2018, at 11:55 a.m., as the Power of Attorney, Third-Party Defendant appeared at Capital One's Fresh Meadows Branch to gain access to Perrone's SDB.  At that time, however, Third-Party Defendant indicated that Carmelo Perrone had lost both keys and therefore he could not open Perrone's SDB.

16.     On December 4, 2018, at 9:11 a.m., as the Power of Attorney, Third-Party Defendant appeared once again at the Fresh Meadows Branch to gain access to Perrone's SDB.

17.     On information and belief, on December 4, 2018, in reliance on Third-Party Defendant's representations that the keys to Perrone's SDB were lost, Capital One located a safe deposit box at the Fresh Meadows Branch, which Capital One believed to be Perrone's SDB, and caused that safe deposit box to be drilled open.

18.     On information and belief, on December 4, 2018, Third-Party Defendant removed any and all contents from the safe deposit box, including any and all cash which Plaintiff Michelle Henry has alleged was present in the safe deposit box.

19.     On December 4, 2018, Capital One believed in good faith that the safe deposit box that was drilled was leased by Carmelo Perrone and that it was Perrone's SDB.

20.     On December 4, 2018, Capital One believed in good faith that the contents inside the safe deposit box that was drilled belonged to Carmelo Perrone and/or that Carmelo Perrone had a right of possession of those contents.

21.     On information and belief, on December 4, 2018, Third-Party Defendant represented and made a clear an unambiguous promise to Capital One that the contents of the drilled safe deposit box, which Third-Party Defendant had removed, belonged to Carmelo Perrone.

22.     On information and belief, in connection with Third-Party Defendant's access to the safe deposit box on December 4, 2018, Third-Party Defendant executed a document entitled, "Surrender Agreement" (the "Surrender Agreement").

23.     The Surrender Agreement states that Third-Party Defendant surrendered the safe deposit box and that he had no keys to surrender with it, and Third-Party Defendant certified that:

> ..all property placed in the box has been removed by the undersigned. The undersigned also acknowledges that the Bank has been fully discharged of all its duties and liabilities in connection with the rental of said safe deposit box and from any and all claims arising therefrom.

24.     In connection with the Surrender Agreement, the Capital One Safe Deposit Box Lease Agreement was terminated.

25.     To date, Third-Party Defendant has refused to return or describe any of the contents removed from the safe deposit box on December 4, 2018.

26.     On information and belief, Capital One has a right of possession to the contents of the safe deposit box that was drilled on December 4, 2018.

27.     On information and belief, at no time did Third-Party Defendant believe that Carmelo Perrone stored cash in a safe deposit box at Capital One.

28.     On information and belief, Third-Party Defendant has no right of ownership nor right of possession to the contents of the safe deposit box that was drilled on December 4, 2018.

29.     Third-Party Defendant either intentionally and/or negligently misrepresented to Capital One that the contents of the safe deposit that were removed on December 4, 2018 belonged to Carmelo Perrone.

30.     Pursuant to the Power of Attorney Affidavit, Third-Party Defendant is obligated to indemnify Capital One for any claims arising out of the drilling and opening of the safe deposit box on December 4, 2018 and the removal of any contents therefrom.

31.     Third-Party Defendant is in breach of the indemnity agreement in the Power of Attorney Affidavit by failing to indemnify Capital One.

32.     Third-Party Defendant further breached the Capital One Safe Deposit Box Lease Agreement by acting in bad faith in removing and retaining contents from a safe deposit box that was not leased by Carmelo Perrone.

33.     Third-Party Defendant further breached the Capital One Safe Deposit Box Lease Agreement by acting in bad faith in failing to cooperate with Capital One in its investigation of the drilled safe deposit box.

34.     Third-Party Defendant was unjustly enriched by the contents removed from the safe deposit box on December 4, 2018 because the contents did not belong to him or to Carmelo Perrone.

## Count I – Fraud/Willful Misrepresentation

35.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

36.     Third-Party Defendant made false misrepresentations of fact to Capital One by representing and promising to Capital One that the contents of the safe deposit box drilled open on December 4, 2018 belonged to Carmelo Perrone.

37.     Third-Party Defendant had knowledge that those representations were false and that the contents of the drilled safe deposit box did not belong to Carmelo Perrone.

38.     Third-Party Defendant made the misrepresentation for the purpose of inducing Capital One to rely on those representations.

39.     Capital One reasonably relied on the misrepresentations of Third-Party Defendant.

40.     Capital One was injured as a result of the misrepresentations by Third-Party Defendant.

## Count II – Negligent Misrepresentation

41.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

42.     Third-Party Defendant had a duty to give truthful and correct information to Capital One in connection with the access to and usage of a safe deposit box.

43.     Third-Party Defendant made false representations that the contents of the safe deposit box drilled open on December 4, 2018 belonged to Carmelo Perrone, which Third-Party Defendant knew, or should have known, was inaccurate.

44.     Third-Party Defendant made omissions of material information by refusing to describe or omitting to accurately describe the contents removed from the safe deposit box on December 4, 2018, which Third-Party Defendant knew, or should have known, Capital One desired.

45.     Third-Party Defendant knew Capital One desired the information supplied in the false representation for a serious purpose.

46.     Capital One intended to rely and act upon the information provided by Third-Party Defendant.

47.     Capital One reasonably relied on the information provided by Third-Party Defendant to Capital One's detriment.

48.     Capital One was injured as a result of Third-Party Defendant's actions and omissions.

### Count III - Conversion

49.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

50.     On information and belief, the personal property at issue, the contents of the drilled safe deposit box, are identifiable and tangible.

51.     Capital One had lawful possession or control over the personal property before its conversion pursuant to Capital One's Safe Deposit Lease Agreement.

52.     Third-Party Defendant exercised and continues to exercise unauthorized dominion over the property at issue to the exclusion of Capital One's rights by refusing to return any of the contents removed from the safe deposit box on December 4, 2018.

53.     Third-Party Defendant has no right of ownership nor right of possession to the contents of the safe deposit box that was drilled open on December 4, 2018.

54.     Capital One has an immediate superior right of possession to the property at issue, pursuant to Capital One's Safe Deposit Box Lease Agreement.

55.     Capital One was injured as a result of Third-Party Defendant's actions.

## Count IV – Promissory Estoppel

56.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

57.     Third-Party Defendant made a clear and unambiguous promise to Capital One that the drilled safe deposit box belonged to Third-Party Defendant, and that the contents removed from the drilled safe deposit box belonged to Carmelo Perrone.

58.     Capital One reasonably and foreseeably relied on Third-Party Defendant's promise.

59.     Capital One was injured as a result of the reliance on Third-Party Defendant's promise.

## Count V – Breach of Contract

60.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

61.     Third-Party Defendant was in a contractual agreement with Capital One by virtue of the Capital One Safe Deposit Lease Agreement and in his capacity as power of attorney through the Power of Attorney affidavit.

62.     Capital One and Third-Party Defendant had mutual assent to the essential terms of their agreement and intent to be bound to those terms.

63.     Capital One performed its obligations in connection with the Capital One Safe Deposit Box Lease Agreement.

64.     Third-Party Defendant breached the Capital One Safe Deposit Box Lease Agreement and the Third-Party Defendant's obligation to indemnify Capital One pursuant to the Power of Attorney Affidavit.

65.     Third-Party Defendant further breached the Capital One Safe Deposit Box Lease Agreement and the Surrender Agreement by acting in bad faith in removing and retaining contents from a safe deposit box that did not belong to Third-Party Defendant nor Carmelo Perrone.

66.     Third-Party Defendant further breached the Capital One Safe Deposit Box Lease Agreement, and the agreements set forth in the Power of Attorney Affidavit and the Surrender Agreement, by acting in bad faith in failing to cooperate with Capital One in its investigation of the drilled safe deposit box.

67.     Capital One was damaged as a result of Third-Party Defendant's foregoing contractual breaches.

### Count VI – Breach of Good Faith and Fair Dealing

68.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

69.     Third-Party Defendant owed Capital One a duty to act in good faith and conduct fair dealing in connection with the contractual relationship arising out of the Capital One Safe Deposit Box Lease Agreement, Power of Attorney Affidavit, and the Surrender Agreement.

70.     Third-Party Defendant breached his duty to act in good faith and fair dealing by removing and retaining contents from a safe deposit box that did not belong to Third-Party Defendant nor Carmelo Perrone.

71.     Third-Party Defendant further breached his duty to act in good faith and fair dealing by failing to cooperate with Capital One in its investigation of the drilled safe deposit box.

72.     Third-Party Defendant's breach of duty was the proximate cause of Capital One's damages.

### Count VII – Unjust Enrichment

73.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

74.     On information and belief, Third-Party Defendant obtained the benefit of the contents of the safe deposit box that was drilled open on December 4, 2018, which in equity and good conscience should be returned to Capital One.

75.     Retention of the benefit of the contents of the drilled safe deposit box would be unjust because it did not belong to Third-Party Defendant nor Carmelo Perrone.

76.     Third-Party Defendant continues to retain the benefit despite Capital One demanding its return.

77.     Third-Party Defendant was unjustly enriched.

### Count VIII – Indemnification

78.     Capital One repeats and realleges each and every allegation above and incorporates same herein.

79.     Third-Party Defendant was bound by an agreement to indemnify Capital One pursuant to the terms of the Power of Attorney Affidavit.

80.     The terms of the foregoing agreement included an indemnity clause for Third-Party Defendant to indemnify and hold Capital One harmless for the drilling and opening of the safe deposit box on December 4, 2018 and the removal of any contents therefrom.

81.     Capital One has demanded Third-Party Defendant to indemnify it in connection to the claims asserted by Plaintiff Michelle Henry in this action.

82.      Third-Party Defendant is in breach of the indemnity agreement by failing to indemnity Capital One.

### PRAYER FOR RELIEF

**WHEREFORE**, Third-Party Plaintiff Capital One, N.A. respectfully requests judgment against Third-Party Defendant as follows:

a) Awarding actual and compensatory damages in favor of Third-Party Plaintiff Capital One in an amount to be determined by the court;

b) Awarding legal fees and costs in favor of Third-Party Plaintiff Capital One in an amount to be determined by the court;

c) Granting such other and further relief as the Court deems equitable and just.

Dated: New York, New York
      January 3, 2024

Respectfully submitted,

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ Stephen J. Steinlight
    Stephen J. Steinlight
    875 Third Avenue
    New York, NY 10022
    Telephone: (212) 704-6000
    Facsimile: (212) 704-6288
    stephen.steinlight@troutman.com

*Attorneys for Defendant/Third-Party Plaintiff Capital One, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 3rd day of January, 2024, I caused the following Amended Answer

and Third-Party Complaint to be served via Federal Express to the following parties:

Michelle Henry
104-32 164th Street
Jamaica, New York 11433
*Pro Se Plaintiff*

Dated: New York, New York
      January 3, 2024

      Respectfully submitted,
      **TROUTMAN PEPPER**
      **HAMILTON SANDERS LLP**

      By: *<u>/s/ Stephen J. Steinlight</u>*
         Stephen J. Steinlight
         875 Third Avenue
         New York, NY 10022
         Telephone: (212) 704-6008
         Stephen.steinlight@troutman.com
         *Attorneys for Defendant/Third-Party*
         *Plaintiff Capital One, N.A.*